Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRASHEAR, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAGNET MEDIA, INC., a New York Corporation and DOE 1 through and including DOE 10,<br><br>　　　　　Defendants. | Case No:<br><br>**COMPLAINT**<br>[*Class Action, PAGA Representative Action and FLSA Collective Action*]<br><br>1. Section 203 of the California Labor Code, Continuing Wages<br><br>2. Sections 510 and 1194 of the California Labor Code, Failure to Pay Minimum Wage and Overtime<br><br>3. Section 226(a) of the California Labor Code, Failure to Provide Pay Stubs<br><br>4. Cal. Bus & Prof. Code Section 17200 *et seq.* – Restitution<br><br>5. Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br><br>6. PAGA, section 2698 of the Cal. Labor Code<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David Brashear, by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a collective and class action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and Rule 23 of the Federal Rules of Civil Procedure*,* seeking relief under state and federal law on account of unpaid wages, unpaid overtime, damages, continuing wages, liquidated damages, penalties, restitution and attorneys' fees and costs. This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein.  Venue is proper in this Central District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendant Magnet Media, Inc. ("MMI") maintains an office, transacts business, has an agent, or is found in the County of Los Angeles and is within the jurisdiction of this Court for purposes of service of process.  The violations of the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Central District of California, impacting Plaintiff and the Aggrieved Employees.

## INTRODUCTION

2.      Plaintiff David Brashear ("Brashear") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

3.      Defendant MMI is a California Corporation, which at all times relevant herein, conducted business within the Central District of the State of California.  MMI employed Plaintiff and others for the production of filmed entertainment at ComplexCon in November of 2017 (the "Production").

4.      Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Plaintiff is

1  informed, believes and thereupon allege that each of the fictitiously named Defendants is
2  an entity, which during the relevant time period maintained a place of business in the
3  Central District of the State of California.

4       5.    Plaintiff is informed and believes and thereon alleges that, at all times herein
5  mentioned, Defendants, and each of them, were the agents, servants, employees, and/or
6  joint ventures of their co-Defendants as aforesaid, when acting as a principal, were
7  negligent and reckless in the selection and hiring of each and every other Defendants as
8  an agent, servant, employee, corporate officer, and/or joint venture, and that each and
9  every Defendant ratified the acts of the co-Defendants.

10                          **GENERAL ALLEGATIONS**

11      6.    This is a civil action and law enforcement action under the California Labor
12  Code Private Attorneys General Act ("PAGA") seeking unpaid wages, continuing wages,
13  damages, civil penalties, statutory penalties and attorneys' fees and costs.  Plaintiff have
14  provided statutory notice to the California Labor and Workforce Development Agency of
15  the claims set forth in this complaint and to Defendants.

16      7.    Defendants employed Plaintiff Brashear and others who performed services
17  for Defendants (the "Aggrieved Employees") on the Production on or around November
18  4, 2016.

19      8.    As of the day of filing of this Complaint, Defendants have failed to properly
20  compensate Brashear for his work on the Production, as the check dated January 23,
21  2016, was tardy.

22      9.    Defendants failed to promptly compensate Plaintiff and other persons who
23  performed services for Defendants ("Aggrieved Employees") for work performed on the
24  Production. Plaintiff and the Aggrieved Employees worked overtime on the Production,
25  toiling in excess of forty hours per week.

26      10.   In or around November 6, 2016, Plaintiff was laid off without a return date
27  for any further work, and he has not worked for the Defendants since that day. Although
28  Plaintiff should have been paid in full for his accrued minimum wages and overtime no

later than in November of 2016, he was not paid the full amount of wages owing to him until on or after January 23, 2017, many months after the work was performed.

11.    Defendants failed to timely compensate Plaintiff or other Aggrieved Employees for all outstanding wages, did not provide Plaintiff or other Aggrieved Employees wage statements with information such as hours worked, rate of pay, and the legal name and address of the employer.

12.    At all relevant times mentioned herein, Wage Order 11 or 12 of the California Industrial Welfare Commission applied to Plaintiff and Aggrieved Employees. In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay and records (obligations which the employer, here, failed to fulfill, both with respect to Plaintiff and Aggrieved Employees).  The Wage Orders provide, in relevant part:

**3. Hours and Days of Work.**

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17  years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:

(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do

report until dismissed, provided the employee is compensated for such overtime at not less than:

(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call" employees, one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary. The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

. . .

**7. <u>Records.</u>**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall

also be recorded. Meal periods during which operations cease and authorized

rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging,

or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay.

This information shall be made readily available to the employee upon

reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an

explanation of the incentive plan formula shall be provided to employees.

An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of

wages furnish each employee, either as a detachable part of the check, draft,

or voucher paying the employee's wages, or separately, an itemized

statement in writing showing: (1) all deductions; (2) the inclusive dates of

the period for which the employee is paid; (3) the name of the employee or

the employee's social security number; and (4) the name of the employer,

provided all deductions made on written orders of the employee may be

aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other

indelible form, properly dated, showing month, day and year, and shall be

kept on file by the employer for at least three years at the place of

employment or at a central location within the State of California. An

employee's records shall be available for inspection by the employee upon

reasonable request.

13.    At all relevant times mentioned herein, section 201.5 of the California Labor

Code provided in part:

(a) For purposes of this section, the following definitions apply:

(1) "An employee engaged in the production or broadcasting of motion

pictures" means an employee to whom both of the following apply:

(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.

(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls.

(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.

(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.

(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination **by the next regular payday**.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or

performed labor. The payment shall be deemed to have been made on the
date that the employee's wages are mailed to the employee or made
available to the employee at the location specified by the employer,
whichever is earlier.

(d) For purposes of this section, an employment terminates when the
employment relationship ends, whether by discharge, lay off, resignation,
completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective
bargaining agreement from establishing alternative provisions for final
payment of wages to employees covered by this section if those provisions
do not exceed the time limitation established in Section 204.

Cal. Lab. Code § 201.5. At all relevant times mentioned herein, section 201.5 of the
California Labor Code controlled final payment of wages to Plaintiff and the Aggrieved
Employees.

14.     All all times relevant herein, section 204 of the California Labor Code
provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or
204.2, earned by any person in any employment are due and payable twice
during each calendar month, on days designated in advance by the employer
as the regular paydays. Labor performed between the 1st and 15th days,
inclusive, of any calendar month shall be paid for between the 16th and the
26th day of the month during which the labor was performed, and labor
performed between the 16th and the last day, inclusive, of any calendar
month, shall be paid for between the 1st and 10th day of the following
month.

Cal. Lab. Code § 204.

15.     In no event should Plaintiff or the Aggrieved Employees have been paid
later than the time periods established by sections 201.5 or 204 of the California Labor

Code, but certain payments to Plaintiff and the Aggrieved Employees were made approximately 2 months after they were due, all leading to penalties and civil penalties under sections 203, 204, and 2698 et seq. of the California Labor Code.

16.    At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

17.    By failing to pay Plaintiff and Aggrieved Employees all wages when due at termination, Plaintiff and Aggrieved Employees are entitled to continuing wages pursuant to section 203 of the California Labor Code.

18.    At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

19.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510.

20.    Defendants failed to pay proper overtime to Plaintiff and Aggrieved Employees.

21.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

22.     Plaintiff and Aggrieved Employees were not timely paid the minimum wages and/or overtime to which they were entitled.

23.     At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1. Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein.

24.     At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred

dollars ($100) for each underpaid employee for each pay period for which

the employee was underpaid in addition to an amount sufficient to recover

underpaid wages.  (3) Wages recovered pursuant to this section shall be paid

to the affected employee.

Cal. Lab. Code § 558.  Defendants are the employers or other persons acting on behalf of

an employer who violated, or caused to be violated the relevant sections of the California

Labor Code referenced herein.

## CLASS-ACTION ALLEGATIONS

25.    Plaintiff bring the first, second, fourth, and fifth claims for relief alleged

below pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides:

(a) Prerequisites.  One or more members of a class may sue or be sued

as representative parties on behalf of all members only if:  (1) the class is so

numerous that joinder of all members is impracticable; (2) there are

questions of law or fact common to the class; (3) the claims or defenses of

the representative parties are typical of the claims or defenses of the class;

and (4) the representative parties will fairly and adequately protect the

interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule

23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or

fact common to class members predominate over any questions affecting

only individual members, and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiff seeks to

represent a Class consisting (hereafter referred to as the "Class") of all Aggrieved

Employees during the period beginning no earlier than four years prior to the filing

hereof to the mailing of class notice (such persons are referred to hereafter as "Class

Members," and such period is referred to hereafter as the "Class Period"). Accordingly,

Plaintiff and each Class Member is entitled to payment of his or her unpaid minimum

wage, liquidated damages thereon, unpaid overtime, continuing wages, penalties, civil penalties and interest.

26.     Defendant MMI, as to Plaintiff and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, MMI's failure to provide such data entitles each Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.

27.     Defendant's practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiff and Class Members, in that they are unable to determine from the wage statements alone the actual wages to which they are legally entitled.

28.     Defendant's failure to make payments within the time provided by sections 201, 201.5, or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiff each Class Member who quit or was discharged and was not paid in accordance with the law is entitled to the continuing wages provided for by section 203 of the California Labor Code.

29.     The number of Class Members is believed to be in excess of the number presently required for certification of a class, but fewer than so many as to make this case unmanageable.  It is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

30.     Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

31.     There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member. These common questions include, but are not limited to, the following:

a.      Whether MMI failed to provide accurate itemized wage statements to each and every employee.

b.      Whether MMI failed to maintain accurate time-keeping and payroll records.

c.      Whether MMI's failure to provide accurate itemized wage statements to each and every employee violates sections 226.

d.      Whether MMI failed to pay overtime in a timely fashion under California Labor Code sections 201.3, 204.

e.      Whether MMI failed to pay minimum wage under California Labor Code section 1194(a).

f.      Whether MMI failed to pay proper minimum wages and/or overtime wages under California Labor Code sections 510 and 1194 and Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, Section 10.37 et seq.

g.      Whether MMI failed to pay all wages in a timely fashion upon each and every employee's discharge from, or resignation of, employment in violation of sections 201, 201.5, and/or 202 of the California Labor Code.

32.     There is a well-defined community of interest in the questions of law and fact common to the Class Members.

33.     Plaintiff's claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by the California Labor Code and applicable Wage Order.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

34.     A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court.  In that regard, the claims of each individual

member of the Class are too small to litigate individually and the commencement of many separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

35.     The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendant is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

36.     Plaintiff seeks to represent all Aggrieved Employees during the period during the period beginning no earlier than three years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Collective Action Members.").

37.     Plaintiff is similarly situated to the Collective-Action Members in that Plaintiff and the Collective-Action Members were employed by Defendant and in that Defendant did not pay Plaintiff and the Collective-Action Members their overtime and/or minimum wages when due. Plaintiff's consent to an FLSA collective action is attached hereto as **Exhibit 1**.

38.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

39.    All Collective-Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

40.    On January 30, 2017, Plaintiff gave written notice by certified mail of MMI's violations of various provisions of the Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendant. See Letter from Alan Harris to the LWDA and Defendant (January 30, 2017) attached hereto as Exhibit 2.

41.    More than sufficient days have passed from the date of Plaintiff's January 30, 2017, notice to the LWDA and Plaintiff has not been notified by the LWDA that it intends to investigate Plaintiff's allegations.  Therefore, Plaintiff, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

42.    Plaintiff is informed and believes and thereon alleges that Defendant has routinely failed to provide Plaintiff or other Aggrieved Employees with proper itemized wage statements, minimum and overtime wages, as well as proper reimbursement of expenses. Defendant also unlawfully failed to keep accurate payroll records showing Aggrieved Employees' hours worked and wages paid.

43.    Plaintiff alleges that Defendant violated PAGA through violations of the Labor Code and through violations of IWC Wage Order 11 or 12. "PAGA actions can serve to *indirectly* enforce certain wage order provisions by enforcing *statutes* that require compliance with wage orders (e.g., § 1198, which prohibits longer work hours than those fixed by wage order or employment under conditions prohibited by a wage order)." Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112, 1132 (2012).

**FIRST CAUSE OF ACTION**
(Continuing Wages, California Labor Code §§ 201.5, 203, 204
On Behalf of Plaintiff and Class Against All Defendants)

44.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

45.    Defendants employed Plaintiff on the Production.  As of the date of filing of this Complaint, Plaintiff Brashear has not been compensated properly and Aggrieved Employees have not been compensated properly.

46.    Plaintiff last worked for Defendants in November of 2016.  As provided in California Labor Code Section 201.5 and 204, Plaintiff and Aggrieved Employees should have been compensated their final wages by no later than during November of 2016. Plaintiff did not receive payment or receive a check until late January of 2017, approximately 2 months after they were due.

47.    Defendants' failure to compensate Plaintiff within the time for which provision is made by section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203, demand for such wages having been made since the Production concluded in 2016.

48.    Pursuant to section 203 of the California Labor code, Plaintiff is entitled to continuing wages from Defendant MMI in an amount according to proof, some $60,000. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.  The Class of Aggrieved Employees are entitled to continuing wages under section 203 of the Labor Code in an amount presently estimated to be $500,000.

**SECOND CAUSE OF ACTION**
(Damages for Unpaid Minimum Wages and Overtime Compensation,
California Labor Code §§ 510 and 1194
On Behalf of Plaintiff and Class Against All Defendants)

49.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

50.     On the Production, Plaintiff, as well as Aggrieved Employees, worked many hours for Defendants, including overtime, without timely compensation for work performed, as required by law.

51.     Plaintiff and the Class are entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof, at least $25,000.  Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

### THIRD CAUSE OF ACTION
(Failure to Provide Information on Pay Stubs, California Labor Code § 226(a)
On Behalf of Plaintiff and Class Against All Defendants)

52.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

53.     Defendants failed to timely provide Plaintiff and Aggrieved Employees with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  Defendants did not give Plaintiff or others a wage statement, at all. The foregoing was intentional misconduct of Defendant that injured Plaintiff and Aggrieved Employees insofar as they were deprived of information to which they were legally entitled.

54.     The failure of Defendant MMI to provide wage statements violates section 226(a) of the California Labor Code insofar as neither the Plaintiff nor other Aggrieved Employees have received data to which they are entitled.  The failure to provide Plaintiff or Aggrieved Employees with wage statements caused Plaintiff and Aggrieved Employees injury by depriving them of information to which they are legally entitled. Accordingly, Plaintiff is entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e), all in a sum according to proof of at least $2,000.

## FOURTH CAUSE OF ACTION

(Unfair Business Practices On Behalf of Plaintiff and Class Against All Defendants)

55.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

56.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiff allege that Defendants have engaged in unfair business practices in California by the above-described failure to pay all accrued overtime.

57.     Defendants' violations of the FLSA and California wage and hour laws constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Aggrieved Employees.

58.     Defendants have avoided payment of wages and overtime wages and other benefits required by the FLSA, the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, Defendants have failed to record, report and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

59.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Aggrieved Employees and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and Aggrieved Employees.

60.      The actions of Defendant MMI entitle Plaintiff to seek the remedies available under section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts from Defendant MMI, as necessary and according to proof, to restore any and all amounts— including interest—withheld, acquired, or converted by MMI by means of the unfair practices complained of herein.  Plaintiff, on behalf of himself, as well as on behalf of the

1
2
3

general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

4
5
6

## FIFTH CAUSE OF ACTION

(Fair Labor Standards Act On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

7
8

61.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

9
10
11

62.     Plaintiff is informed and believes, and on that basis allege, that Defendants are employers engaged in an enterprise in interstate commence pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

12
13
14

63.     Plaintiff Brashear was not timely paid his wages. Plaintiff and Aggrieved Employees worked many hours each day during their employment on the Production as herein alleged.

15
16

64.     Under the FLSA, Plaintiff is entitled to recover from Defendants their liquidated damages for hours worked, as well as costs and attorney's fees.

17

65.     Defendants failed to compensate Plaintiff as required by the FLSA.

18

66.     Defendants' violations were willful and intentional.

19
20

67.     Plaintiff is entitled to damages for unpaid wages and/or the associated liquidated damages in an amount to be proven at trial, at least $2,250.

21
22
23
24
25

68.     Plaintiff  brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party." 29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiff seek to represent a Collective Action defined as:

26
27
28

**All persons who provided services on the Production during** the period of time commencing three years prior to the filing of the Complaint, who were paid as non-exempt workers providing services in the State of

California (the "Production Crew").

69.     On information and belief, none of the Production Crew were timely paid all wages as required by sections 201.5, 203 or 204 of the California Labor Code.

## SIXTH CAUSE OF ACTION
(PAGA Civil Penalties Pursuant to California Labor Code § 2698 et seq.
On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

70.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

71.     Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violations set forth herein. Accordingly, he seeks to recover on behalf of himself, the LWDA and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs. Plaintiff brings this claim on behalf of himself for all time periods permitted by law and for the State of California Labor & Workforce Development Agency, intending to benefit the Aggrieved Employees from the period of one year prior to the filing of the initial Complaint, to date.

72.     Pursuant to section 2699.3(a)(1) of the Labor Code, Plaintiff gave notice to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendant, including the theories set forth in this Complaint. Also, Plaintiff gave written notice by certified mail to Defendant of the specific provisions of the Labor Code alleged to have been violated by Defendant.

73.     More than three months have passed from the date of Plaintiff's January 2017 notice to the LWDA and Plaintiff has not been notified by the LWDA that it intends to investigate Plaintiff's allegations.  Therefore, Plaintiff, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

74.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal.4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

75.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

a.  failure to timely pay wages, including wages owing on account of underpayment of reporting time pay as well as accrued and unpaid overtime in violation of Labor Code § 204;

b.  failure to provide itemized wage statements to Aggrieved Employees in violation of Labor Code §§ 226(a) and 226.3;

c.  failure to reimburse for expenses in violation of Labor Code § 2802;

d.  failure to keep required payroll records in violation of Wage Order No. 11 or 12 and Labor Code §§ 1174 and/or 1174.5;

e.  failure to pay minimum wages and overtime wages to Aggrieved Employees in violation of Wage Order No. 11 and 12 and/or Labor Code §§ 510, 558, 1194, 1197 and 1198;

76.     With respect to violations of Labor Code §§ 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Moreover, Plaintiff seeks civil penalties in the amount of unpaid wages owed to Aggrieved Employees pursuant to Labor Code § 558(a)(3).

77.     With respect to violations of Labor Code § 226(a), section 2699(f) of the Labor Code provides for a default civil penalty when one is not otherwise provided.

78.     With respect to violations of Labor Code § 1174, Labor Code § 1174.5 imposes a civil penalty of $500.

79.     Labor Code § 2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including the applicable Wage Order 9 and Labor Code §§ 201.5, 204, 221, 226(a), 510, 1174, 1182.12, 1194, 1197. 1198.

80.     Plaintiff contends that sections 201, 201.5, 202, 210, 221, 226, 226.3, 226.7, 233, 234, 246, 248.5, 405, 510, 512, 558, 1194, 1198, 2802, 2810.3, 2810.5, 2699 and 2699.3 of the Labor Code enable Plaintiff to recover civil penalties, as well as attorney's fees and costs, from MMI through a civil action on behalf of herself and the Aggrieved Employees.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.     That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's wages was in violation of section 201.5, and 204 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Aggrieved Employees, all in an amount of no less than $560,000. That judgment be entered in favor of Plaintiff in an amount prescribed by section 203 of the California Labor Code, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

2.     That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff Brashear and Aggrieved Employees and against Defendants. That judgment be entered in favor of Plaintiff in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.     That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and and Aggrieved Employees against Defendants in the amount of damages according to proof, interest thereon, reasonable attorneys' fees and cost of suit pursuant to sections 1194, 1194.2, and 1197.1.  Specifically, that judgment be entered in favor of

Plaintiff to recover their damages according to proof, in an amount as determined by order of court.

4.      That, under the Fourth Cause of Action, the Court enter judgment in favor of Plaintiff and Aggrieved Employees and against Defendants. That judgment be entered in favor of Plaintiff and Aggrieved Employees in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Law.

5.      That, under the Fifth Cause of Action, the Court certify a collective action and enter judgment in favor of Plaintiff and Aggrieved Employees and against Defendants. That judgment be entered in favor of Plaintiff and Aggrieved Employees in an amount according to proof or as otherwise plead.

6.      That, under the Sixth Cause of Action, the Court enter judgment in favor of the State of California, Plaintiff and Aggrieved Employees and against Defendants, including attorneys' fees and reimbursement of costs. That judgment be entered in an amount according to proof or as otherwise plead.

For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED:  August 14, 2017                          HARRIS & RUBLE

                                                 */s/ Alan Harris*
                                                 Alan Harris
                                                 *Attorney for Plaintiff*

**<u>Index to Exhibits</u>**

Exhibit 1 –Brashear FLSA consent forms.

Exhibit 2 – PAGA materials.

# Exhibit 1

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action. I authorize my attorneys to contact my employer to request copies of my personnel file and other records pertaining to my work for the employer under the provisions of sections 226(b) and 1198.5 of the California Labor Code.

 January 28, 2017                              David Brashear
Date                                          Print Name

                                              *David Brashear*
                                              Signature

Exhibit 2

# HARRIS & RUBLE

ATTORNEYS AND COUNSELORS AT LAW

SOUTHERN CALIFORNIA OFFICE:

655 NORTH CENTRAL AVE 17th  FL
GLENDALE CA 91203
TELEPHONE: 323.962.3777
FAX: 323.962.3004
www.harrisandruble.com

ALAN HARRIS
MARCELLA RUBLE*

PRIYA MOHAN
DAVID GARRETT
REBECCA LEE
CHRISTINA NORDSTEN

*ADMITTED IN ILLINOIS ONLY

NORTHERN CALIFORNIA OFFICE:

116 E. BLITHEDALE AVE SUITE 2
MILL VALLEY, CA 94941
TELEPHONE: 312.543.0967
FAX: 323.962.3004

*SUBMITTED ONLINE*

January 30, 2017

California Labor & Workforce Development Agency

Re:   *Roland Martinez v. Magnet Media, Inc.,* PAGA Notice

To whom it may concern:

Pursuant to the applicable provisions of the California Labor Code Private Attorneys General Act, Roland Martinez ("Plaintiff"), hereby alleges with respect to his employment with Magnet Media, Inc. ("Defendant"), that Defendant violated provisions of the California Labor Code.  In or around November 2016, Defendant hired cast and crew members (the "Aggrieved Employees") on the Production tentatively entitled "ComplexCon" (the "Production"). Plaintiff and other Aggrieved Employees worked many hours on the Production and as of the date of this Notice have not been paid for their work on the Production. Plaintiff contends that Sections 201.5, 203, 204, 210, 226, 510, 512, 558, 1194, 1197.1, and 2699 et seq. of the California Labor Code enables him to recover civil penalties under PAGA, as well as attorneys' fees and costs from Defendant through a civil action on behalf of himself and other Aggrieved Employees. Labor Code Section 2699.3 provides:

(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirement have been met:

(1)(A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

. . .

(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violations within 60

calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2599.

In or around November in 2016, Defendant hired Plaintiff and Aggrieved Employees as cast and crew members on the Production. Plaintiff and other Aggrieved Employees worked many hours on the Production and as of the date of filing this PAGA Notice have not been paid for their services. Plaintiff will seek to recover the PAGA penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009). Plaintiff will seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

1.  Failure to pay wages and/or final wages to Plaintiff and Aggrieved Employees in violation of Labor Code §§201.5, 203, 204, and 210. With respect to violations of Labor Code §201.5, Plaintiff contends that the failure of Defendant to make payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties.
2.  Failure to pay minimum and overtime wages to Plaintiff and Aggrieved Employees in violation of Labor Code §§510, 512, 558, 1194, and 1198. Labor Code section 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
3.  Failure to provide itemized wage statements to Plaintiff and Aggrieved Employees in violation of Labor Code Section 226(a). Plaintiff and other Aggrieved Employees have not been provided a wage statement as required by Labor Code section 226(a). Labor Code 2699 *et seq.* imposes a civil penalty of one hundred dollars per pay period per aggrieved employee for initial violations, and two hundred dollars per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

Please advise whether you will proceed with an investigation of this matter or whether Plaintiffs may seek a civil-penalty recovery for the alleged violations under the Labor Code Private Attorneys General Act through his private counsel.

Very truly yours,

Alan Harris

Cc: (Via Certified Mail) Magnet Media, Inc., Attn: HR/Legal Dept, 122 W. 27th Street, New York, NY 1001, Magnet Media, Inc., c/o Registered Agent for Service of Process VCORP Services CA, Inc., 5670 Wilshire Blvd. Ste. 1530, Los Angeles, CA 90036

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7015 3430 0000 1687 6735

Certified Mail Fee
$ 3.30

1/30/2017
PAGA

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Notice

Postage
$

Magnet
Media

Total Postage and Fees
$ 4.75

Sent To
NEDEP

Street and Apt. No., or PO Box No.
5670 Wilshire Blvd

City, State, ZIP+4®
Los Angeles CA 90036

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7015 3430 0000 1687 6759

Certified Mail Fee
$ 3.30

1/30/2017
PAGA Notice

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Magnet
Media

Postage
$

Total Postage and Fees
$ 4.75

Sent To
Magnet Media

Street and Apt. No., or PO Box No.
122 W. 27th St

City, State, ZIP+4®
New York 10001

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

**Christina Nordsten**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Monday, January 30, 2017 9:40 AM |
| **To:** | Christina Nordsten |
| **Subject:** | Thank you for submission of your PAGA Case. |

1/30/2017

LWDA Case No. LWDA-CM-210650-17

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm